UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-24987-CIV-MARTINEZ-BECERRA

OMKAR SINGH, as Personal Representative of the
Estates of PRATAP SINGH and MAYUARI SINGH, Deceased,

     Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD., et al.,

     Defendants.

_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF
THIS HONORABLE COURT'S DECEMBER 10, 2021 ORDER**

The Plaintiff, OMKAR SINGH, as Personal Representative of the Estates of PRATAP SINGH and MAYUARI SINGH, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure, hereby respectfully request that this Honorable Court reconsider its December 10, 2021 Order concerning the application of the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 30303, to correct clear error or prevent manifest injustice due to undersigned counsel's mistake, inadvertence, and/or excusable neglect, demonstrated as follows:

**I.  Introduction**

This matter arises out of the severe burns PRATAP SINGH and MAYUARI SINGH sustained while participating in an excursion to a volcano during a cruise with ROYAL CARIBBEAN CRUISES LTD. ("RCCL"), which ultimately resulted in their deaths. [D.E. 1, ¶¶26-27].

On May 3, 2021, RCCL filed its Motion to Dismiss Plaintiff's Complaint [D.E. 10], which sought to dismiss all of the claims Plaintiff asserted against RCCL.

In preparing the response to RCCL's motion, Plaintiff's counsel had several drafts saved. On May 17, 2021, Plaintiff filed his response in opposition to RCCL's motion. [D.E. 13]. Unbeknownst to Plaintiff's counsel, however, an incomplete response was inadvertently filed with the Court.  Specifically, the response filed did not include the section addressing RCCL's argument concerning DOHSA. (*See* Plaintiff's counsel's affidavit, attached as Exhibit 1.)

On December 10, 2021, this Honorable Court entered its Order granting in part and denying in part RCCL's motion. [D.E. 62].  With regard to DOHSA, this Honorable Court ruled that, "Plaintiff himself relies on DOHSA in his Complaint, thus conceding that DOHSA applies, and in the absence of a response from Plaintiff, the Court finds no basis to assess any potentially applicable counterarguments." [D.E. 62].  This was the first time Plaintiff's counsel realized that the incomplete response was mistakenly filed with the Court. (*See* Exhibit 1.)

The Plaintiff hereby moves for reconsideration of this Court's ruling as to the application of DOHSA in order to correct clear error or prevent manifest injustice because (1) Plaintiff did not solely rely on DOHSA in the Complaint, and therefore, did not concede that DOHSA applies; (2) the factual allegations in Plaintiff's Complaint fall squarely within legal authority holding that DOHSA does not apply because the death-causing injury to the decedents occurred on land; and (3) a draft response that did not contain the section addressing the DOHSA argument was mistakenly/inadvertently filed.

## II. <u>Standard of Law</u>

"The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Rolls v. Celebration Cruise Operator, Inc.*, 14-CIV-61191, 2015 WL 12549166, at *1 (S.D. Fla. Mar. 2, 2015) (citations omitted). Three major grounds justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of

new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citation omitted).

In addition, Rule 60 provides that "the court may relieve a party or its legal representative from a[n]… order… for… mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). "Excusable neglect is an equitable determination that requires an examination into whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced." *Foudy v. Saint Lucie County Sheriff's Office*, 677 Fed. Appx. 657, 660 (11th Cir. 2017) (citation omitted). The Eleventh Circuit has provided "several relevant factors to consider when evaluating excusable neglect, such as (1) the danger of prejudice, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Id.* at 660-61 (citation omitted).

Pursuant to the Eleventh Circuit, "[t]his Circuit expresses a "strong preference that cases be heard on the merits[.]" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (citing *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam)).

### III. <u>Reconsideration is warranted to correct the error of fact that Plaintiff conceded to the application of DOHSA because Plaintiff did not solely rely on DOHSA in the Complaint.</u>

The first error Plaintiff respectfully corrects is with regard to the Complaint purportedly conceding that DOHSA applies because it relied on DOHSA.

In actuality, the Complaint requested "all damages recoverable **<u>under the law</u> and/<u>or</u> Death on the High Seas Act (DOHSA)**…" [D.E. 1, pp. 19] (emphasis added). Therefore, contrary to RCCL's argument and this Honorable Court's ruling, Plaintiff's Complaint did not concede to the application of DOHSA because the Complaint did not solely rely on DOHSA and requested damages recoverable "under the law…" [Id.].

The Plaintiff therefore respectfully requests that this Honorable Court reconsider its ruling based on this error of fact concerning Plaintiff's request for damages.

## IV. <u>Reconsideration is warranted to correct the error of law that DOHSA applies to this case.</u>

The second error Plaintiff respectfully corrects is with regard to the application of DOHSA.

Pursuant to the case of *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351 (S.D. Fla. 2009), "a cause of action under DOHSA accrues at the time and place where an allegedly wrongful act or omission was consummated in an actual injury, not at the point w[h]ere previous or subsequent negligence allegedly occurred." *Id.* at 1354 (citing *Moyer v. Rederi*, 645 F.Supp. 620, 627 (S.D. Fla. 1986) (citation and internal quotations omitted); *see also Motts v. M/V Green Wave*, 210 F.3d 565, 571 (5th Cir.2000) ("This Circuit's precedents look to the location of the accident in determining whether DOHSA applies.")) (alterations in original).

Applying the foregoing in *Fojtasek*, Judge Ungaro found that "the cause of action accrued on land at the time that the decedent fell from the zip-line. Thus, because that injury did not occur on the high seas, DOHSA does not apply." *Id.* at 1354.

Herein, as in *Fojtasek*, Plaintiff's Complaint made clear that their injuries occurred on land. Specifically, the Complaint alleges that "[t]he passengers were taken to what appeared to be the ***center of the volcano*. Shortly thereafter, the volcano erupted, and as a result, *Plaintiffs sustained severe burns, which ultimately led to their deaths*.**" [D.E. 1, ¶27] (emphasis added). Therefore, as in *Fojtasek*, the cause of action accrued on land when the Singhs suffered the death-causing injuries (i.e., the "severe burns").

Accordingly, because the Singhs' injuries did not occur on the high seas, DOHSA does not apply in this case, and Plaintiff respectfully requests that this Honorable Court reconsider its ruling concerning the application of DOHSA based on such error of law.

**V.** **Reconsideration is warranted to prevent manifest injustice due to a mistake, inadvertence and/or excusable neglect.**

Lastly, Plaintiff respectfully requests that this Honorable Court reconsider its ruling to prevent manifest injustice due to Plaintiff's counsel mistake, inadvertence and/or excusable neglect. As set forth above, one of the drafts missing the DOHSA argument was inadvertently filed with the Court, and Plaintiff's counsel did not realize the mistake until this Court entered its Order on December 10, 2021. (*See* Exhibit 1.)

Addressing the necessary excusable neglect factors, the only prejudice that will result if this motion is not granted is a severe prejudice to the Plaintiff, who will be unable to request the full extent of damages available, including pecuniary damages. Further, considering this motion is being filed a mere one (1) business day after the Court's Order, there is no delay, and the proceedings will not be impacted in any way. Lastly, movant counsel has acted in good faith at all times, without any dilatory motive or contempt.

The instant motion is not an attempt to relitigate issues because the Plaintiff did not have an opportunity to litigate the issue in the first place, due to the aforementioned mistake, inadvertence and/or excusable neglect.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant the instant motion in its entirely, as well as any further relief this Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel hereby certifies that she has conferred with counsel for Defendant regarding this motion, and Defendant opposes the relief sought herein.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.

*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jacqueline Garcell*
    **JASON R. MARGULIES** (FBN 57916)
    jmargulies@lipcon.com
    **MICHAEL A. WINKLEMAN** (FBN 36719)
    mwinkleman@lipcon.com
    **JACQUELINE GARCELL** (FBN 104358)
    jgarcell@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Jacqueline Garcell*
    **JACQUELINE GARCELL**

LIPCON, MARGULIES & WINKLEMAN, P.A.

## SERVICE LIST
### *Singh v. Royal Caribbean Cruises Ltd., et al.*
### Case No. 20-24987-CIV-MARTINEZ-BECERRA

**Jason R. Margulies, Esq.**
jmargulies@lipcon.com
**Michael A. Winkleman, Esq.**
mwinkleman@lipcon.com
**Jacqueline Garcell, Esq.**
jgarcell@lipcon.com
LIPCON, MARGULIES
& WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Attorneys for Plaintiff*

**Jerry D. Hamilton, Esq.**
jhamilton@hamiltonmillerlaw.com
**Carlos J. Chardon, Esq.**
cchardon@hamiltonmillerlaw.com
**Spencer B. Price, Esq.**
sprice@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant, Royal Caribbean*